**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| OHIO CONFERENCE OF TEAMSTERS, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br>   Plaintiff,<br> v.<br>KOKOSING CONSTRUCTION COMPANY, INC.,<br>   Defendant. | Case No. 2:11-CV-0214<br>Judge Peter C. Economus<br>**MEMORANDUM OPINION AND ORDER** |

  This matter is before the Court for consideration of cross-motions for summary judgment filed by Defendant Kokosing Construction Company, Inc. (doc. # 16) and Plaintiff Ohio Conference of Teamsters, Affiliated with the International Brotherhood of Teamsters ("OCT") (doc. # 17). OCT, on behalf of Teamsters Union Local 436, brought an action to compel Kokosing to arbitration. In its motion, Kokosing argues that, as a matter of law, it is not bound to Teamsters Local 436 under any collective bargaining agreement and, therefore, it did not consent to arbitrate. OCT argues that Kokosing is bound to Local 436 under the 2010-2013 Heavy-Highway State Agreement and, as a result, this matter should be submitted to arbitration. After review of the briefs, deposition testimony, and exhibits, this Court hereby **GRANTS** Kokosing's motion and renders **MOOT** Plaintiff's motion.

**I. BACKGROUND**

  On May 1, 2010, the 2010-2013 Ohio Highway-Heavy State Agreement was negotiated and entered into by the Ohio Contractors' Association, Labor Relations Division ("OCA-LRD") "as the recognized statewide bargaining representatives of its duly recognized members" and

OCT. (Complaint, Exh. A, doc. # 1-3, page 4.) Prior to this date, on January 12, 2010, OCA-LRD sent a letter to its membership, including Kokosing, seeking confirmation of the extent of each contractor-member's assignment of bargaining rights to OCA-LRD. (Potnick Depo., Exh. 5.) The letter stated that "[i]f you plan to change your LRD status, there are certain deadlines that you and the OCA must meet prior to that date." (*Id.*) The letter states further:

> Our records show that your company has assigned its bargaining rights to the OCA and is therefore a member of our Labor Relations Division (LRD) for the following unions: [Carpenters, Cement Masons, Laborers, Operating Engineers Local 18, Teamsters Statewide Agreement (Excluding Local 436 – Cleveland Addendum), Teamsters Local 436 Cleveland Addendum.]
>
> If you wish to withdraw from the LRD and revoke your assignment of bargaining rights to OCA for any and all of the above unions, you must do so in writing at least 90 days prior to the expiration date of our agreements. Please note that you now have separate LRD options for the Teamsters' Statewide Agreement and the Teamsters' Local 436 Cleveland Addendum. You can remain in or opt out of both, or opt to withdraw your bargaining rights for only one or the other.
>
> **If you wish to withdraw, please submit your written notice dated on or before January 31, 2010 to my attention in the OCA office. You must also notify any union(s) involved. . . .**

(*Id.*, emphasis in original.) In a letter dated January 27, 2010, Kokosing notified OCA-LRD that it was withdrawing its bargaining rights regarding the Ohio Conference of Teamsters, Local 436, and "all other constituent locals of the Ohio Conference." (Baird Depo., Exh. 4.) In addition, the letter stated, "If and to the extent Kokosing Construction Company, Inc. has any obligation to bargain with the Ohio Conference, Teamsters Local 436 or any other constituent locals, it will do so separately." (*Id.*) Both OCT and Local 436 were copied on the letter. (*Id.*)

Next, in a letter dated February 24, 2010, Kokosing notified OCT that it had "withdrawn and revoked its assignment of bargaining rights to [OCA-LRD] with respect to the Ohio

2

Conference of Teamsters Heavy and Highway Agreement." (Baird Depo., Exh. 5.) "This constitutes our notice of cancellation of the Agreement effective April 30, 2010, and with its constituents Locals, including cancellation of Exhibit B [Local 436 Addendum] to the Agreement." (*Id.*) Kokosing also sent a letter to Local 436, notifying it directly that Kokosing had revoked its assignment of bargaining rights to the OCA-LRD. (Baird Depo., Exh. 6.) That letter also served as Kokosing's "notice to Local 436 of termination of Exhibit B of the Agreement on its termination date of April 30, 2010." (*Id.*)

In an April 21, 2010 letter, OCA provided to OCT a list of contractors on behalf of whom OCA-LRD would be bargaining in the upcoming negotiations of the "2010 Ohio Highway-Heavy Agreement[.]" (Potnick Depo., Exh. 7.) Kokosing is not on that list. (*Id.*) Similarly, on April 23, 2010, OCA sent a letter to Local 436 with the names of the contractors on whose behalf OCA-LRD would be bargaining in the negotiations of the "Teamsters Local 436 Addendum to the 2010 Ohio Heavy-Highway Agreement[.]" (Potnick Depo., Exh. 8.) Kokosing is not on the list. (*Id.*)

Thereafter, OCA-LRD and OCT negotiated the terms of the 2010-2013 CBA and, by May 2010, the agreement was completed. (OCT's Motion, page 2.) Around the same time, OCA-LRD and Local 436 completed their negotiations for the Local 436 Addendum to the 2010-2013 CBA. (*Id.*, page 2, citing Potnick Depo., pages 33 – 34.) There is no dispute that Kokosing was neither a participant nor represented by OCA-LRD during the negotiations for either agreement.[1]

---

[1] As Plaintiff OCT acknowledges in its motion, "As a result of withdrawing its bargaining rights from the Ohio Contractors Association-Labor Relations Division [OCA-LRD], Defendant [Kokosing] was not going to be obligated to and/or bound by any collective bargaining agreement negotiated by and between the OCT and the Ohio Contractors Association-Labor Relations Division." (OCT's Motion, page 2.) The 2010-2013 CBA's effective dates are from May 1, 2010 to April 30, 2013.

3

On June 23, 2010, Kokosing executed a form titled "Application for Membership in the Labor Relations Division of the Ohio Contractors Association." (Potnick Depo., Exh. 1.) The form stated in pertinent part as follows:

> In order to bargain on behalf of your organization, we need to have the assignment of bargaining rights executed for the unions for whom you are assignment your bargaining right. The unions for whom that assignment can be executed (a breakdown of which is on the reverse side) include: [Carpenters, Cement Masons, Laborers, Operators Local 18, Operators Local 66, Teamsters (Excluding Local 436 Addendum), Teamsters Local 436 Addendum (Cleveland), Laborers Local 1216 – Building Agreement, Laborers Local 480 – Building Agreement.]
>
> The undersigned employer assigns its bargaining rights to the OCA-LRD as its bargaining agent for the purpose of negotiating labor agreements and engaging in collective bargaining with those labor organizations in the construction industry designated above which OCA-LRD deals with on behalf of [its] membership . . . .

(*Id.*) On that form, Kokosing selected "Teamsters (Excluding Local 436 Addendum)." (*Id.*) In doing so, Kokosing's rejoined the OCA-LRD, assigned to OCA-LRD its bargaining rights for the Ohio Conference of Teamsters, excluding Local 436. (Neighbors Depo., doc. # 14, pages 39 – 40.) After meeting with Kokosing on June 23, 2010, Doyle Baird, on behalf of OCT, formed the following understanding:

> My understanding was, when I read the letter[2], that we had an agreement, they had reassigned their bargaining rights back to the OCA-LRD for the Ohio Conference of Teamsters and they were going to exclude Local 436.

(Baird Depo., pages 119 – 120.)

---

[2] The letter Mr. Baird refers to was given to him by Kokosing at the meeting. It reiterates as follows: "We have now provided to the Ohio Conference the Kokosing assignment of bargaining rights to the Ohio Contractors Association for the Ohio Conference of Teamsters. That assignment excludes Local 436 of the Teamsters." (Baird Depo., Exh. 16.)

4

Nevertheless, despite that understanding, on July 6, 2010, OCT, representing Local 436, filed a grievance against Kokosing:

> . . . for violating the recently negotiated and ratified 2010 – 2013 Ohio Highway Heavy State Agreement between the Ohio Conference of Teamsters and the Labor Relations Division of the Ohio Contractors association by refusing to assign bargaining unit work to members of Teamsters Local Union No. 436 and for refusing to abide by all terms of the 2010 – 2013 Ohio Highway Heavy State Agreement as they relate to Teamsters Local Union No. 436.

(Complaint, Exh. B., doc. # 1-3.) OCT argues, in its motion for summary judgment and in its response to Kokosing's motion, that Kokosing's assignment of rights to OCA-LRD binds Kokosing to the 2010 – 2013 CBA between the OCA-LRD and OCT, including the Local 436 Addendum. (OCT's Motion, pages 3, 8 – 9; OCT's Memo. In Opp., doc. # 22, pages 9 – 10.) According to OCT, the Local 436 Addendum is part of what it terms the "State Contract," and, therefore, when Kokosing re-assigned its bargaining rights to OCA-LRD on June 23, 2010, it became bound by the terms of the Local 436 Addendum as well—Kokosing's exclusion of that addendum notwithstanding. (*Id.*)

In its Complaint, OCT seeks to compel Kokosing to arbitrate a grievance under the 2010-2013 CBA, alleging that Kokosing violated the CBA by failing to assign Cuyahoga County work to members of Teamsters Local Union 436. (Complaint, doc. # 1, ¶ 7.) Kokosing, in its Answer, asserts that is has no collective bargaining agreement with Local 436, as it is "not a signatory to a CBA with regard to Local 436, and the grievance and arbitration provision of the 2010-2013 OCT CBA—to which Kokosing is a signatory—does not apply to grievances involving Local 436 members which arise within the jurisdiction of Local 436." (Kokosing's Motion, page 2.) Kokosing agrees that it is a signatory to the CBA as it had assigned its

collective-bargaining rights to the OCT-LRD, but it notes that the assignment specifically excluded Local 436. (Answer, doc. # 3, ¶ 6.)

The CBA sets forth its grievance process in Article VIII. The Addendum, which applies exclusively to Local 436, sets forth its grievance process at Item 4. Notably, the Local 436 Addendum states as follows:

> A. GRIEVANCE PROCEDURE – The parties agree that they will promptly attempt to adjust all complaints, disputes, controversies or grievances (collectively referred to as grievances) arising between them, involving questions of interpretation or application of the terms and provisions of this Agreement, **solely** through the following procedure: . . .

(Complaint, Exh. A., Addendum, Item 4(A), page 29, emphasis added.)

## II. STANDARD OF REVIEW

Summary judgment is proper where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (c). "Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering such a motion, the court must review all of the evidence in the record. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d

552, 556-57 n.7 (6th Cir. 2000). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56 (c)). The movant meets this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Clayton v. Meijer, Inc.*, 281 F.3d 605, 609 (6th Cir. 2002) (*quoting Celotex*, 477 U.S. at 324-25). The non-movant then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

"The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (*quoting Anderson*, 477 U.S. at 250). "A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 250.

Moreover, "[t]he fact that both parties make motions for summary judgment ... does not require the Court to rule that no fact issue exists." *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 592 (6th Cir.2001). For instance, in *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 241 (6th Cir.1991), the Sixth Circuit reversed an order granting summary judgment on cross-motions for summary judgment and a "stipulated" factual record. The Sixth Circuit noted

that, on cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* at 248. Differentiating between cross-motions for summary judgment and a trial on a stipulated record, the Sixth Circuit stated that the filing of cross-motions for summary judgment "does not necessarily mean that the . . . court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Id.* In *Taft*, the Sixth Circuit denied both motions for summary judgment, determining that it was possible to draw inferences in either direction. *Id.*

## III. LAW AND ANALYSIS

As noted by the Supreme Court,

> It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination. It is similarly well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide.

*Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 130 S.Ct. 2847, 2856 (2010) (internal quotation marks, alterations, and citations omitted). While the Sixth Circuit recognizes the federal policy favoring arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 – 25 (1983), "no matter how strong the federal policy favors arbitration, arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer*, 398 F.3d 765, 775 (6th Cir. 2005) (internal quotation marks omitted). Kokosing claims that it never agreed to submit any dispute with Local 436 to arbitration—as evidenced by the pains it took *not* to enter into a contract with Local 436. This Court agrees.

As the bargaining representative of Kokosing or any other contractor-member, OCA-

LRD could bind Kokosing only as far as Kokosing had assigned its bargaining rights. The "Application for Membership" permits a contractor to select specific unions for whom it is executing its assignment of bargaining rights to the OCA-LRD. Kokosing selected the "Teamsters (Excluding Local 436 Addendum)." Kokosing could have selected the Teamsters option that included the Local 436 Addendum, but it did not. To underscore its selection, Kokosing sent to OCT its confirmation letter, which states:

> We have now provided to the Ohio Conference [of Teamsters] the Kokosing assignment of bargaining rights to the Ohio Contractors Association for the Ohio Conference of Teamsters. **That assignment excludes Local 436 of the Teamsters.**

(Baird Depo., Exh. 16, emphasis added.) Mr. Baird, OCT's representative, acknowledged that Kokosing had excluded Local 436 from its assignment of bargaining rights to OCA-LRD. Indeed, OCT submits no factual evidence to the contrary. Instead, OCT argues only that it was not involved in the creation of the application form. (OCT's Memo. In Opp., pages 4 – 5.) Yet OCT does not cite to any case law to suggest that its lack of participation in the creation of the application form somehow invalidates Kokosing's selection and exclusion of specific unions with regard to assignment of its bargaining rights. Nor does OCT offer any law to support any suggestion that Kokosing could not exclude Local 436 from its assignment of rights.

This Court finds that there is no genuine dispute as to any material fact that Kokosing excluded Local 436 from its assignment of collective bargaining rights to OCA-LRD. As a result, Kokosing is not bound to Local 436 under the terms of the 2010-2013 CBA, to which OCA-LRD was a signatory on behalf of its members.

Similarly, all the evidence before the Court shows that Kokosing opted out of the Local 436 Addendum. As discussed, *supra*, Kokosing excluded Local 436 when it re-assigned its bargaining rights to OCA-LRD. It selected "Teamsters (Excluding Local 436 Addendum)" on

the application form and it reiterated that exclusion numerous times. For whatever reason, Kokosing did not and does not want to bargain with Local 436. Kokosing exercised its right to revoke its assignment of bargaining rights to OCA-LRD—an act that is not in dispute here—and it then exercised its right to selectively assign those rights back to OCA-LRD, excluding Local 436. As a result, Kokosing did not agree to submit this dispute to arbitration, as it never agreed to a contract with Local 436 under either the 2010-2013 CBA or the Local 436 Addendum. OCT provides no evidence to the contrary.

Last, this Court finds that the proper procedure for bringing forth a grievance related to Local 436 is outlined in the Local 436 Addendum to the 2010-2013 CBA. The Local 436 Addendum is a stand-alone document in many ways: (1) it was negotiated separately from the 2010-2013 CBA; (2) it was offered by OCA-LRD as a separate option[3] from the 2010-2013 CBA; (3) it contains a signature block different than that within the 2010-2013 CBA; (4) it sets forth different terms—relevant only to Local 436—with regard to wages and benefits; seniority; Saturday work; grievance, dispute, arbitration; welfare and pension funds; and initial and renewal safety training; and (5) it requires its signatory parties to attempt to resolve grievances "solely" through the procedure it sets forth within its separate grievance and arbitration procedure. Although the Local 436 Addendum does incorporate terms from the 2010-2013 CBA, it only incorporates "all *other* terms and conditions" not already set forth. (Complaint, Exh. A, page 35, emphasis added.) There is no conflict in the terms set forth regarding grievances related to Local 436: the terms of the Local 436 Addendum apply. OCT brought this

---

[3] When OCA-LRD contacted its member base in the January 12, 2010 letter, it stated explicitly that a member's "LRD status" could be modified to assign bargaining rights with regard to the "Teamsters State Agreement and the Teamsters' Local 436 Cleveland Addendum." (Potnick Depo., Exh. 5.) A member-contractor could "remain in or opt out of both, or opt to withdraw [its] bargaining rights for only one or the other." (*Id.*)

action to compel arbitration under the terms of the 2010-2013 CBA, which is not the proper procedure.

Because there is no genuine dispute as to any material fact that Kokosing never consented to arbitration with regard to Local 436, this Court hereby **GRANTS** Kokosing's Motion for Summary Judgment. OCT's motion is denied as **MOOT.**

### IV.   CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Defendant Kokosing Construction Company's Motion for Summary Judgment. (Doc. # 16.) Plaintiff Ohio Conference of Teamsters' Motion for Summary Judgment is denied as **MOOT**. (Doc. # 17.) The Clerk of Courts is hereby ordered to enter judgment in favor of Defendant Kokosing Construction Company as to all claims, with prejudice.

**IT IS SO ORDERED.**


                                            **/s/ Peter C. Economus _____**
                                            **PETER C. ECONOMUS**
                                            **UNITED STATES DISTRICT JUDGE**