IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO CONFERENCE OF TEAMSTERS,
AFFILIATED WITH THE
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

        Plaintiff,

   v.

KOKOSING CONSTRUCTION
COMPANY, INC.,

        Defendant.

Case No. 2:11-CV-0214

Judge Peter C. Economus

OPINION AND ORDER

This matter is before the Court for consideration of Defendant Kokosing Construction Company, Inc.'s Motion for Attorney Fees. (Doc. # 27.) Plaintiff Ohio Conference of Teamsters, Affiliated with the International Brotherhood of Teamsters ("OCT") filed a response (doc. # 31) to which Kokosing filed a reply (doc. # 32). Kokosing moves this Court for an order for reasonable attorney's fees and non-taxable costs pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

I.    BACKGROUND

On behalf of its constituent Teamsters Local 436, OCT brought a complaint to compel arbitration against Kokosing. OCT argued that Kokosing was obligated to Local 436 under the 2010-2013 Collective Bargaining Agreement ("CBA") which required arbitration of grievances.[1]

---

[1] The specific details of the agreement, the signatories to the agreement, and the efforts Kokosing undertook to limit the scope of its obligation under the CBA to exclude OCT is set forth in this Court's Memorandum Opinion and Order. (Doc. # 25.) The nature of the grievance is also described in that Order.

Kokosing denied any obligation to Local 436. The parties filed cross-motions for summary judgment on the legal issue of whether Kokosing, as a signatory to the CBA, had consented to arbitration with Local 436. Ultimately, this Court found in favor of Kokosing.

Kokosing now argues that OCT maintained this lawsuit in bad faith because it knew, after the close of discovery, that it had no basis for its claim. In support, Kokosing offers a letter from its counsel to OCT's counsel to convince OCT to dismiss the lawsuit. Kokosing's counsel had made it "abundantly clear" that Kokosing was not bound under a contract with Local 436 and, therefore, was not required to arbitrate the grievance. (Motion, page 3, Exh. A.) However, OCT's counsel responded with an equally detailed letter, explaining that its position to maintain its lawsuit was buffered the "presumption of arbitrability" that "strongly supported" its claims. (*Id.* at Exh. B.) Kokosing also cites to this Court's grant of summary judgment in its favor as support for its assertion that OCT acted in bad faith: "This Court granted summary judgment to Kokosing and denied OCT the requested relief with an express finding that OCT has [sic] no factual or legal basis for its claim."[2] (*Id.*, page 2.)

### III. LAW AND ANALYSIS

In the United States, the general rule is that a prevailing party may not recover attorney's fees absent statutory authority or an enforceable contract provision. *Monroe Auto Equip. Co. v. International Union, et al.*, 981 F.2d 261, 269 (6th Cir. 1992) (citing *Shimman v. International Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984) (en banc), *cert.*

---

[2] This Court notes that this "express finding" is no more than the application of the summary-judgment standard.

*denied*, 469 U.S. 1215 (1985)).  There is no statutory or contract provision applicable here.  However, a court may award attorney's fees to the prevailing party if it determines that the losing party has "acted in bad faith, vexatiously, or for oppressive reasons."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975).  Kokosing asserts that the bad-faith exception applies.

According to Kokosing, at the close of discovery, it was "evident" that there were "no facts presented" that Kokosing had entered into a collective bargaining agreement with Local 436.  (Motion, Ex. A, page 1.)  Nonetheless, despite Kokosing's "demand" for dismissal, OCT continued to pursue its "meritless claims" in bad faith.  (Motion, page 6.)  However, OCT had set forth specific reasoning for its belief that the case was worthy of continued litigation (*id.*, Ex. B), and that reasoning was based on relevant case law.  That OCT did not prevail does not undercut what appears to be a good-faith estimate of its success at the time.  Kokosing offers nothing more to support its conclusion that OCT's evaluation of its case was without merit.  Nor does Kokosing offer any evidence that OCT did anything else during the remainder of the litigation that would constitute bad faith.  Kokosing's conclusory statement that OCT acted in bad faith is not sufficient.

In addition, Kokosing offers no case law to support its contention that defeat on a motion for summary judgment is equivalent to bad faith.  A lack of genuine issue of material fact does not equate to bad faith; if it were so, attorney's fees awarded under the bad-faith exception would *not* be "an extreme sanction, and must be limited to truly egregious cases of misconduct."  *Monroe*, 981 F.2d at 270 (quoting *Ray A. Scharer and Co. v. Plabell Rubber Products*, 858 F.2d

317, 320 (6th Cir. 1988)).  Absent any evidence to show that OCT acted egregiously, this Court declines to find that such an "extreme sanction" is appropriate.

### IV. CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Defendant Kokosing Construction Company's Motion Attorney Fees.  (Doc. # 27.)

**IT IS SO ORDERED.**

          **/s/ Peter C. Economus _____**
          **PETER C. ECONOMUS**
          **UNITED STATES DISTRICT JUDGE**